**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4604

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE VASHON HILLIARD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:06-cr-00429-WLO)

Submitted:  February 13, 2008          Decided:  March 10, 2008

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Michael A. DeFranco, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Vashon Hilliard appeals the seventy-eight month sentence he received following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Finding no error, we affirm.

The district court accepted Hilliard's guilty plea, and a presentence report ("PSR") was completed. Hilliard's base offense level of twenty-four was increased four levels, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(2), (b)(6) (2006) ("USSG"), because Hilliard possessed the firearm in connection with a drug offense — possession with intent to sell marijuana.

Hilliard agreed to the Guidelines calculation set forth in the PSR, which the district court adopted without objection. Defense counsel noted Hilliard's concern that the four-level enhancement raised a potential Blakely[1] issue, because Hilliard did not admit to the factual basis for the enhancement and the facts supportive of it had not been proven to a jury.[2] The district court did not specifically address this contention.

Prior to sentencing Hilliard, the district court offered the following statement:

---

[1]Blakely v. Washington, 542 U.S. 296 (2004).

[2]Counsel acknowledged that, in light of United States v. Booker, 543 U.S. 220 (2005), he had "no legal basis" for the objection, and that he raised the issue only because Hilliard was "troubled" by it.

- 2 -

> The Court has reviewed the sentencing guidelines and 3553[3] and all the parts of 3553, and the Court cannot find that the sentence outside the guideline range is more affective of that which is inside the guideline range, and, therefore, the Court finds a reasonable sentence considering all factors to be . . . 78 months.

This appeal followed.

Hilliard first contends the district court improperly afforded the sentencing range calculated pursuant to the Guidelines a presumption of reasonableness.

As recently determined by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, __ U.S. __, 128 S. Ct. 597 (2007). Appellate courts remain charged with reviewing sentences for reasonableness. Id. at 594, 597. Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

In determining whether a sentence is procedurally reasonable, this court first assesses whether the district court properly calculated the defendant's advisory Guidelines range. Id. at 596-97. This court must then assess whether the district court considered the § 3553(a) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or

---

[3]18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).

failed to sufficiently explain the selected sentence.  <u>Id.</u> at 597; <u>United States v. Pauley</u>, __ F.3d __, 2007 WL 4555520, *5 (4th Cir. Dec. 28, 2007).  Finally, this court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  <u>Pauley</u>, 2007 WL 4555520, *5 (quoting <u>Gall</u>, 128 S. Ct. at 597).  This court may afford sentences that fall within the properly calculated Guidelines range a presumption of reasonableness, <u>see</u> <u>id.</u>, a presumption permitted by the Supreme Court.  <u>Rita v. United States</u>, __ U.S. __, 127 S. Ct. 2456, 2459, 2462 (2007).

Upon reviewing the record, we conclude that, although the district court used the word "reasonable" in describing the sentence it would impose, this choice of verbiage does not render Hilliard's sentence procedurally unreasonable.  The district court clearly understood and adhered to the proper sentencing procedure. The district court reiterated the interplay between the Guidelines and the § 3553(a) factors at both the Rule 11 and the sentencing hearings, and at sentencing, the district court specifically stated it had considered them both in reaching a sentencing determination. Hilliard lodged no objection regarding the calculation of his Guidelines range in the PSR, which the district court adopted without change.  Accordingly, the district court was under no obligation to further articulate the reasons for the sentence

imposed, which fell within the Guidelines range and well below the ten-year statutory maximum.  See Rita, 127 S. Ct. at 2468.

Hilliard next ascribes error to the four-level enhancement imposed for possessing the firearm in connection with commission of a drug offense.  Hilliard maintains application of this enhancement violated his Fifth and Sixth Amendment rights because it was based on uncharged, unadmitted conduct that was not proven to a jury beyond a reasonable doubt, but instead found by the district court by a preponderance of the evidence.

Hilliard's contention lacks support in the record.  The facts supporting the drug enhancement were set forth at the Rule 11 hearing and in the PSR.  Hilliard raised no objection.  Hilliard may not, at this late stage, assert the conduct underlying this enhancement was unadmitted.

Moreover, as Hilliard correctly acknowledges in his brief, Booker did not truncate the district court's authority to find facts supporting enhancements using the preponderance of the evidence standard.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  Despite Hilliard's protestations to the contrary, Rita did not overrule Morris or otherwise diminish the district court's authority and obligation to make factual determinations to assess the calculation of a defendant's advisory Guidelines range. See Rita, 127 S. Ct. at 2465-66 ("This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take

account of factual matters not determined by a jury and to increase the sentence in consequence.").

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED